**SEARS, ROEBUCK AND CO., on Its Own Behalf and on Behalf of Other Charging Parties Under the National Labor Relations Act**

**v.**

**The NATIONAL LABOR RELATIONS BOARD and Eugene G. Goslee, Acting General Agent for the National Labor Relations Board, Appellants.**

No. 72–1425.

United States Court of Appeals, District of Columbia Circuit.

Oct. 24, 1972.

Rehearing Denied Feb. 6, 1973.

---

Messrs. Glen M. Bendixsen and Charles N. Steele, Washington, D. C., were on the motion for summary reversal for appellants.

Messrs. Lawrence M. Cohen, Jeffrey S. Goldman, Chicago, Ill., Alan Raywid, Washington, D. C., and Gerard C. Smetana, Chicago Ill., were on the opposition to appellants' motion for summary reversal.

Before LEVENTHAL and WILKEY, Circuit Judges.

PER CURIAM:

This case involves the propriety of judicially ordered interruption of agency proceedings pending resolution of a Freedom of Information Act claim.

Plaintiff, Sears, Roebuck & Co., charged the Retail Clerk's International Union (the Union) with violating section 8(b)(3) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(b)(3) (1970). This resulted in the issuance of a complaint by the Board's General Counsel against the Union.

Prior to the issuance of the complaint, Sears requested of the Board and General Counsel certain documents known as Advice and Appeals memoranda. These documents, prepared by the General Counsel's Office in Washington, are issued in novel and significant cases to "guide" the NLRB's Regional Directors in their decisions as to when to issue complaints. The District Court found, and we accept that finding for purposes of this motion, that the memoranda are, in substance, mandatory instructions designed to govern when complaints will issue.

Even though the General Counsel issued a complaint against the Union, Sears continued to demand the Advice and Appeals memoranda. Sears puts its interest in them on its right, as a charging party, to participate in the Board's proceeding. See 29 C.F.R. § 101.10 (1972). Following refusals by the Board and General Counsel to release the memoranda, Sears filed an action in the District Court under the Freedom of Information Act, 5 U.S.C. § 552 (1970), alleging that it could not meaningfully participate in the unfair labor practice charge without the requested information. On February 3, 1972, the General Counsel announced that he would make available all Advice and Appeals memoranda in completed cases.[1] He continued to refuse to release the memoranda prepared for Sears' case against the Union (Board Case No. 19–CB–1673).

In March 1972, after an oral hearing, the District Court found that Sears would be irreparably injured by participating in the NLRB hearing without the Advice and Appeals memoranda. The Court also found that Sears had a probable right to the requested documents and that the District Court had jurisdiction to enjoin the Board's proceedings. The court therefore enjoined the defendants from going forward with the unfair labor practice proceedings "until plaintiff has had a reasonable time to inspect and analyze that information which the Board has made available; to

---

1. This category of memoranda would include instances where complaints did not issue, and in cases where complaints did issue, cases in which Board action was complete.

resolve any disputes with respect to the remainder of the information requested by the plaintiff, and should such, information then also be made available, to inspect and analyze such additional information." On March 29, 1972, the Board filed a notice of appeal from the injunction. It subsequently filed a motion in this court for summary reversal of the injunction. Since the filing of that motion the District Court has refused to stay its order.

■■ The District Court was correct in its premise that there is jurisdiction to enjoin agency proceedings pending resolution of a Freedom of Information Act claim. *Bannercraft Clothing Co., Inc. v. The Renegotiation Board*, 151 U.S.App.D.C. 174, 466 F.2d 345 (decided July 6, 1972). However, as *Bannercraft* itself noted, "the bare existence of jurisdiction does not mean that appellees were entitled to the relief they were granted by the District Court." 151 U.S. App.D.C. at 183, 466 F.2d at 354. While Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938), cannot be taken as mandating that such intervention is never warranted,[2] it still has vitality as indicating that it is only in extraordinary circumstances that a court may, in the sound exercise of discretion, intervene to interrupt agency proceedings to dispose of a single, intermediate or collateral issue. A cogent showing of irreparable harm is an indispensable condition of such intervention.

■ Irreparable harm cannot be established by a mere reliance on the burden of submitting to agency hearings. This is a risk of litigation that is inherent in society, and not the type of injury to justify judicial intervention. *E. g.*,

*Myers, supra,* 303 U.S. at 51–52, 58 S. Ct. 459.[3]

■ In the case at bar we do not have a cogent showing, indeed we do not see a substantial showing, of how Sears will be irreparably harmed in its participation in the unfair labor practice charge without the Advice and Appeals memoranda whose disclosure is still under judicial consideration. Sears was successful in seeking the issuance by the Board of a complaint of unfair labor practice charge. Sears does not contend, nor is there any reason to believe, that the Board will not prosecute the complaint diligently and in good faith. The disputed memoranda are available to the Board. Whatever benefits may be derived from the documents can be developed in the proceedings by the Board.

It may be that Sears will be held entitled to the documents under the Information Act,[4] and it may be that its possession of those documents will be a convenience, indeed a significant help, in its litigating stance. But those considerations are of a different order from the kind of irreparable injury required to interrupt an administrative proceeding. Should Sears' claim to the memoranda be upheld on appeal and should it appear that there was significant adverse impact on Sears in the unfair labor practice charge proceedings because it was denied timely disclosure, an appropriate remedy can be fashioned by the Board, or by the court of appeals with jurisdiction of the petition for review or enforcement in the event the Board issues an order.

In our decision, we have taken note that the memoranda here requested are documents prepared to guide the Regional Directors in deciding when to issue

---

2. See, *e. g.*, cases cited in *Bannercraft, supra*, at 183 of 151 U.S.App.D.C., at 354 of 466 F.2d, n. 7.

3. Where the expense of submitting to administrative proceedings is extraordinary, judicial intervention may be justifiable. See Public Utilities Commission of Ohio

v. United Fuel Gas Co., 317 U.S. 456, 469, 63 S.Ct. 369, 87 L.Ed. 396 (1943).

4. On August 10, 1972 the District Court issued its final order in the underlying Freedom of Information Act case. It held for Sears on all points. An appeal from that decision is pending in this court.

complaints. Although the memoranda may be of some value in prosecuting a complaint, they were not designed to serve that function. This strengthens our conclusion that the case lacks the requisite showing that access to the documents is necessary to avoid irreparable harm to Sears.

The motion for summary reversal is granted and the case is remanded to the District Court for disposition consistent with this opinion.

So ordered.