549 F.2d 1321
 1977-1 Trade Cases 61,348
 STATE OF CALIFORNIA ex rel. C. B. CHRISTENSEN, California
Milk Producers Advisory Board & Cunningham &
Walsh, Inc., Appellees,
v.
FEDERAL TRADE COMMISSION, Louis A. Engman, Paul Rand Dixon,
Mayo J. Thompson, M. Elizabeth Hanford and Stephen
Nye, and Daniel J. Hanscom, Appellants.
 No. 75-3813.
 United States Court of Appeals,
Ninth Circuit.
 March 3, 1977.
 
 James L. Browning, Jr., U.S. Atty., Paul J. Fitzpatrick, Asst. U.S. Atty., San Francisco, Cal., Barbara L. Herwig, Atty., App. Section, Civ. Div., U.S. Dept. of Justice, Thomas S. Martin, Washington, D. C., argued, for appellants.
 Evelle J. Younger, Atty. Gen., Roderick E. Walston, Dist. Atty. Gen., San Francisco, Cal., William A. Weinberg, Jr., Broad, Khourie & Schulz, San Francisco, Cal., argued for appellees.
 Appeal from the United States District Court for the Northern District of California.
 Before KOELSCH, GOODWIN and CHOY, Circuit Judges.
 OPINION
 GOODWIN, Circuit Judge.
 
 
 1
 The Federal Trade Commission appeals a district court judgment which ordered the FTC to terminate, for lack of jurisdiction, cease-and-desist proceedings challenging the advertising of milk in a manner which the FTC alleged to be deceptive.
 
 
 2
 The injunction rested on the proposition that the dairy industry's advertising program was not subject to FTC regulation because it was sanctioned by an instrumentality of the state of California. The district court held that Parker v. Brown, 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), immunized the advertising program in substantially the same manner and for substantially the same reasons described by the Supreme Court in holding California raisin marketing practices immune from antitrust liability.
 
 
 3
 We express no opinion on the ultimate question of immunity under Parker v. Brown because we hold that judicial intervention in this case was premature. The appellees have failed to exhaust their administrative remedies. The district court's judgment must be vacated and the action dismissed.
 
 
 4
 On August 1, 1974, the FTC issued its complaint against the California Milk Advisory Board[1] and Cunningham & Walsh, Inc., an advertising agency. The complaint alleged that advertisements to the effect that milk was needed by or beneficial to everybody were false and deceptive in light of evidence that many individuals cannot tolerate milk in their diet.
 
 
 5
 On September 11, 1974, the Board, Cunningham & Walsh, and the State of California on behalf of its Director of Food and Agriculture sued in the district court to enjoin the FTC proceedings. In their complaint the plaintiffs alleged that the FTC had no jurisdiction to proceed against them because the Board is a state agency and Cunningham & Walsh is the Board's agent. The plaintiffs relied on both the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., and the doctrine of Parker v. Brown, supra.
 
 
 6
 The district court granted a temporary restraining order and a preliminary injunction. After a hearing, the district court found that the FTC had no jurisdiction over the activity of the Milk Advisory Board, and that continued enforcement proceedings would irreparably harm the plaintiffs. Accordingly, the court denied the FTC's motion for summary judgment and granted the plaintiff's motion for summary judgment. The court made permanent its preliminary injunction.
 
 
 7
 A familiar rule of administrative law provides that judicial relief for a supposed or threatened injury does not become available until the prescribed administrative remedy has been exhausted. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The rule recognizes that agencies are created to apply their statutory authority in the first instance and that considerations of agency expertise and efficiency counsel the courts not to interfere before the agency has acted. There are, however, cases in which agency preference is outweighed by other factors and the doctrine of exhaustion is not applied. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969); Downen v. Warner, 481 F.2d 642 (9th Cir. 1973). The plaintiffs argue that this is such a case.
 
 
 8
 In Lone Star Cement Corp. v. FTC, 339 F.2d 505 (9th Cir. 1964), we adopted the standard formulated by Professor Kenneth Culp Davis in Volume 3 of his Administrative Law Treatise, § 20.03, at 69 (1958 ed.), for determining the circumstances in which a party can seek judicial relief from anticipated agency action. 339 F.2d at 510. Lone Star Cement established three key factors which should be weighed in considering the propriety of judicial intervention: extent of injury from pursuit of administrative remedy; degree of apparent clarity or doubt about administrative jurisdiction; and involvement of specialized administrative understanding in the question of jurisdiction. 339 F.2d at 510.
 
 
 9
 The application of the Lone Star standard convinces us that no judicial intervention was warranted in this case.
 
 I. EXTENT OF INJURY
 
 10
 Only a clear showing of irreparable injury from anticipated agency action will excuse the exhaustion of administrative remedies and permit judicial intervention in the agency process. Renegotiation Board v. Bannercraft Clothing Co., 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); Petroleum Exploration, Inc. v. Public Service Commission, 304 U.S. 209, 58 S.Ct. 834, 82 L.Ed. 1294 (1938); Sears, Roebuck & Co. v. NLRB, 153 U.S.App.D.C. 380, 473 F.2d 91 (1972).
 
 
 11
 The injury which the plaintiffs allege they will suffer if the FTC proceedings run their course is the expenditure of funds for legal fees. But litigation expenses, however substantial and nonrecoverable, which are normal incidents of participation in the agency process do not constitute irreparable injury. Myers v. Bethlehem Shipbuilding Corp., supra; Renegotiation Board v. Bannercraft Co., supra ; L. Jaffe, Judicial Control of Administrative Action 429 (1965). Even if the necessary costs will be paid by the public, litigation expense remains immaterial.[2]
 
 
 12
 No other injury which the FTC proceedings could inflict upon the plaintiffs appears to be of the sort that could not be redressed by judicial review of any final FTC order pursuant to 15 U.S.C. § 45(c) and (d).
 
 II. FTC JURISDICTION
 
 13
 As a general rule, the agency should make the initial determination of its own jurisdiction. FPC v. Louisiana Power & Light Co., 406 U.S. 621, 647, 92 S.Ct. 1827, 32 L.Ed.2d 369 (1972). The plaintiffs rely upon an earlier case holding that exhaustion is not required when the challenge to the proceedings is that the agency was acting outside of its statutory authority. Leedom v. Kyne, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). In Leedom, the Supreme Court permitted review of a National Labor Relations Board certification order where the action of the NLRB was in clear defiance of the express provisions of 29 U.S.C. § 159(b)(1). See also Allen v. Grand Central Aircraft Co., 347 U.S. 535, 74 S.Ct. 745, 98 L.Ed. 933 (1954), and Skinner & Eddy Corp. v. United States, 249 U.S. 557, 39 S.Ct. 375, 63 L.Ed. 772 (1919), for the proposition that exhaustion of administrative remedies is not required when the challenge is to the agency's authority to act.
 
 
 14
 There is no need to reconcile these earlier decisions with equally venerable Supreme Court pronouncements such as Myers v. Bethlehem Shipbuilding Corp., supra, because more recent cases have limited their application to jurisdictional defects which are apparent on the face of the record. See FPC v. Louisiana Power and Light Co., supra; Boire v. Greyhound Corp., 376 U.S. 473, 480, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); American General Insurance Co v. FTC, 496 F.2d 197 (5th Cir. 1974); Coca Cola Co. v. FTC, 475 F.2d 299 (5th Cir.), cert. denied, 414 U.S. 877, 94 S.Ct. 121, 38 L.Ed.2d 122 (1973).
 
 
 15
 While we express no opinion on the merits of the jurisdictional question, we note that the question is a close one. There is not, certainly, the kind of clear jurisdictional defect present here that was found in Leedom v. Kyne and its progeny. In the case before us, the FTC should have the opportunity to make the initial determination of its own jurisdiction.
 
 
 16
 We agree with FTC v. Markin, 532 F.2d 541 (6th Cir. 1976), and FTC v. Feldman, 532 F.2d 1092 (7th Cir. 1976), both of which found that a Parker v. Brown challenge to FTC proceedings was premature pending final agency action.
 
 
 17
 Primary jurisdiction in the agency makes sense in terms of both judicial economy and agency efficiency. If no cease-and-desist order is entered, the courts need never concern themselves with the jurisdictional issue. The same is true if the proceeding becomes moot because of voluntary conduct or the passage of time. Also of importance is the "avoidance of premature interruption of the administrative process." McKart v. United States, 395 U.S. at 193, 89 S.Ct. at 1662. Such interruptions undermine both the efficiency and the autonomy of the agency. They are justified only when it appears early and plainly that the agency is operating outside the scope of its authority.
 
 
 18
 III. INVOLVEMENT OF AGENCY EXPERTISE ON THE QUESTION OF JURISDICTION
 
 
 19
 The question of the transferability of the Parker v. Brown antitrust immunity to deceptive advertising proceedings is strictly one of statutory interpretation. However, the requirement of exhaustion of remedies often applies as well to questions of law as to questions of fact. Courts should accord deference to an agency's own construction of its authorizing statute when reviewing final agency action. Udall v. Tallman, 380 U.S. 1, 85 S.Ct. 792, 13 L.Ed.2d 616 (1965); American General Insurance Co. v. FTC, supra. See also Pepsico, Inc. v. FTC, 472 F.2d 179 (2 Cir. 1972). Contra, Jewel Companies, Inc. v. FTC, 432 F.2d 1155 (7th Cir. 1970).
 
 
 20
 Here, the plaintiffs allege not only that Parker v. Brown immunity applies to FTC advertising proceedings but also that these plaintiffs automatically qualify for the immunity Parker v. Brown confers.
 
 
 21
 As was demonstrated by the Supreme Court in Cantor v. Detroit Edison Co., 428 U.S. 579, 96 S.Ct. 3110, 49 L.Ed.2d 1141 (1976), and Goldfarb v. Virginia State Bar, 421 U.S. 773, 95 S.Ct. 2004, 44 L.Ed.2d 572 (1975), a full factual development is an essential prerequisite for determining the Parker v. Brown issue. This need for a solid factual record, again, is a strong argument favoring adherence to the doctrine of exhaustion of administrative remedies. McGee v. United States, 402 U.S. 479, 91 S.Ct. 1565, 29 L.Ed.2d 47 (1971).
 
 CONCLUSION
 
 22
 Upon a review of the three factors set forth in Lone Star Cement Co. v. FTC, supra, we hold that the plaintiffs here have not shown that judicial interference is necessary. Therefore, the injunction entered by the district court against the FTC is vacated, and the cause is remanded with neither party to have costs in this court.
 
 
 23
 Vacated and remanded.
 
 
 
 [1]
 The California Milk Advisory Board was created pursuant to the California Marketing Act of 1937, Cal.Food & Agr.Code §§ 58601-59293. The Act calls for the issuance of marketing orders by the Director of Food and Agriculture upon approval of the producers and handlers of that commodity which is its subject. Marketing orders can encompass a variety of activities including advertising programs. The Act also provides for an Advisory Board composed of producers of the subject commodity. The operations of the advisory boards are financed by a tax on the producers. The Milk Advisory Board was created by a marketing order for milk issued in 1969, which authorized, among other programs, an advertising campaign
 
 
 [2]
 Plaintiffs claim as conservators of both FTC funds and funds of the state of California. Obviously, Congress has empowered the FTC to decide which actions are worthy of its attention. It is unclear whether the defense costs in this proceeding will be borne by the general funds of California or by the milk producers through a special tax designed to budget the Milk Advisory Board. For purposes of this appeal the distinction is irrelevant