**TARTAN MARINE COMPANY,**
**Plaintiff,**

v.

**NATIONAL LABOR RELATIONS**
**BOARD, Defendant.**

**No. C–78–101–R.**

United States District Court,
M. D. North Carolina,
Rockingham Division.

March 24, 1978.

Thomas G. Greaves, III, Greenville, S. C., and Kenneth R. Keller, Greensboro, N. C., for plaintiff.

Aileen Armstrong, Washington, D. C., and Hugh F. Malone, Regional Atty., for NLRB, Winston-Salem, N. C., for defendant.

## MEMORANDUM ORDER

GORDON, Chief Judge.

In this matter, the plaintiff Tartan Marine Company (Tartan) seeks a temporary restraining order and, thereafter, a preliminary injunction to prevent the defendant National Labor Relations Board (NLRB) from proceeding with an administrative hearing on March 27, 1978, into charges that Tartan has committed unfair labor practices. A preliminary injunction, if issued as requested, would hold the administrative proceedings in abeyance until the NLRB voluntarily turns over to Tartan written statements and affidavits of witnesses to be called at the hearing or until this Freedom of Information Act (FOIA) case is decided. Tartan's motion raises troubling questions as to the Court's power to enjoin the administrative hearing and as to the proper application of the rapidly evolving preliminary injunction standard in the Fourth Circuit. For the reasons set out below, the Court declines to enter a preliminary injunction in this matter.

## BACKGROUND

On January 24, 1978, the Regional Director for the Eleventh Region of the NLRB charged Tartan with numerous unfair labor practices and scheduled a hearing on the charges for March 27, 1978. On February 7, 1978, Tartan asked the Board to allow it to inspect and copy, at least seven days before the hearing, all written statements contained in the Board's files furnished by witnesses the Board will call to testify at the March 27, 1978, hearing. Relying on exemption contained in

§ 552(b)(7)(A) and (7)(C) and (7)(D) of the FOIA, the Regional Director of the NLRB refused to turn over the desired materials. On February 28, 1978, the NLRB's General Counsel in Washington denied Tartan's appeal from the Regional Director's decision. On March 9, 1978, Tartan filed this action under the FOIA to require disclosure of the statements and affidavits.

The Court notes that the documents which Tartan seeks will be disclosed to Tartan during the course of the administrative hearing pursuant to 29 C.F.R. § 102.118(b)(1977). Thus the practical importance of this litigation is to determine the time at which these documents will be disclosed and not whether they will ultimately be disclosed.

## THE COURT'S POWER TO ENJOIN THE NLRB

Since the passage of the FOIA, it has been the matter of some debate whether a district court can enjoin agency proceedings pending the resolution of a Freedom of Information Act claim. See *Sears, Roebuck and Co. v. NLRB,* 153 U.S.App.D.C. 380, 473 F.2d 91 (1972). The FOIA provides the district court only with limited injunctive powers "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). In *Renegotiation Board v. Bannercraft Co.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974), the government contended that § 552(a)(4)(B) provided the sole and exclusive injunctive remedy available in a FOIA case. The Supreme Court, however, held that § 552 does not limit the inherent powers of an equity court. 415 U.S. at 16–20, 94 S.Ct. 1028. Basing its decision on peculiar nature of the Renegotiation Board's work, the Supreme Court then decided that exercise of the Court's injunctive power to enjoin the Board's proceedings would not be appropriate until a FOIA plaintiff exhausts the administrative procedures under both the FOIA and the Renegotiation Act of 1951, 50 U.S.C. App. §§ 1211–1233. Thus, *Banner-*

*craft* effectively prevents issuance of any preliminary injunction under the FOIA to block Renegotiation Board proceedings.

■ The Supreme Court decision in *Bannercraft* suggests that the answer to whether the Court has the authority to issue the preliminary injunction Tartan seeks lies in whether a district court, in the exercise of its inherent equitable powers, may enjoin an NLRB administrative proceeding. It is well settled law that only in very rare cases may a district court assert any jurisdiction over an NLRB proceeding, *Boire v. Greyhound Corp.,* 376 U.S. 473, 476–479, 84 S.Ct. 894, 11 L.Ed.2d 849 (1964); *Myers v. Bethlehem Shipbuilding Corp.,* 303 U.S. 41, 48–49, 58 S.Ct. 459, 82 L.Ed. 638 (1938). There is a fairly strong agreement in the decided cases that the NLRB's refusal to provide information under the FOIA does not constitute the extraordinary circumstances that would justify a district court in asserting jurisdiction over an NLRB proceeding. See *Sears, Roebuck & Co. v. NLRB, supra; Committee on Masonic Homes, etc. v. NLRB,* 414 F.Supp. 426 (D.C. Pa.1976); *Roger J. Au & Son, Inc. v. NLRB,* 405 F.Supp. 1200 (W.D.Pa.1976). *Contra St. Elizabeth's Hospital v. NLRB,* 407 F.Supp. 1357 (N.D.Ill.1976). The opinion of the Court of Appeals for the District of Columbia Circuit well states the reasons why the requisite "extraordinary" circumstances are not present in the case at hand:

"It may be that Sears will be held entitled to the documents under the Information Act, and it may be that its possession of those documents will be a convenience, indeed a significant help, in its litigating stance. But those considerations are of a different order from the kind of irreparable injury required to interrupt an administrative proceeding. Should Sears' claim to the memoranda be upheld on appeal and should it appear that there was significant adverse impact on Sears in the unfair labor practice charge proceedings because it was denied timely disclosure, an appropriate remedy can be fashioned by the Board, or by the court of appeals with jurisdiction of the

petition for review or enforcement in the event the Board issues an order." 153 U.S.App.D.C. at 382, 473 F.2d at 93. The Court also notes that the fact that Tartan will have access to the requested documents for the purposes of cross-examination at the administrative hearing further reduces whatever adverse impact Tartan will suffer by the NLRB's failure to comply with Tartan's FOIA request.[1]

For the foregoing reasons, it is concluded that the application of the plaintiff for injunctive relief should be denied. Accordingly,

IT IS ORDERED that the application of the plaintiff for injunctive relief be, and the same is hereby, denied.

---

1. Because the Court concludes that the plaintiff's motion should be denied on the jurisdictional ground, it need not consider whether a preliminary injunction should issue under the standard set out in *Blackwelder Furniture Company of Statesville, Inc. v. Selig Manufacturing, Inc.,* 550 F.2d 189 (4th Cir. 1977).