911 F.2d 261
 1990-2 Trade Cases 69,146
 UKIAH VALLEY MEDICAL CENTER, a California not-for-profit
corporation, formerly known as Ukiah Adventist Hospital;
Adventist Health System/West, a California not-for-profit
corporation, Plaintiffs-Appellants,
v.
FEDERAL TRADE COMMISSION, Defendant-Appellee.
 No. 90-15184.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 7, 1990.
Decided Aug. 13, 1990.
 
 Thomas Campbell, Gardner, Carton & Douglas, Chicago, Ill., for plaintiffs-appellants.
 Frederick E. Dooley, F.T.C., Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before CANBY, NOONAN and RYMER, Circuit Judges.
 RYMER, Circuit Judge:
 
 
 1
 Adventist Health System/West and its affiliated corporation, Ukiah Valley Medical Center, appeal from the district court's order dismissing their action for declaratory and injunctive relief to restrain the Federal Trade Commission from proceeding with its complaint charging them with violations of Sec. 7 of the Clayton Act, 15 U.S.C. Sec. 18. They contend that the district court erred in determining that the FTC's issuance of an administrative complaint did not constitute "final agency action" and therefore was not subject to judicial review prior to the conclusion of administrative proceedings. We affirm.
 
 
 2
 * Prior to July 1988, Ukiah Valley owned and operated a 43 bed hospital in Ukiah, California, and the Ukiah Hospital Corporation owned and operated Ukiah General Hospital, a 51 bed hospital, also located in Ukiah. Ukiah is a town of approximately 13,600 people. In July 1988, Ukiah Valley acquired substantially all the assets of Ukiah Hospital Corporation for approximately $5.6 million. AHS/West is a major interstate hospital chain; the board of directors for AHS/West is also the board of directors for its affiliated corporation, Ukiah Valley. Both Ukiah Valley and AHS/West are not-for-profit California corporations.
 
 
 3
 In November 1989, the FTC issued an administrative complaint, which charged that it had reason to believe that Ukiah Valley and AHS/West acquired over a ninety percent market share in the provision of acute hospital services in a significant geographic area in Mendocino and Lake Counties in northern California, in violation of Sec. 7 of the Clayton Act, 15 U.S.C. Sec. 18. On December 26, 1989, Ukiah Valley and AHS/West moved to dismiss the FTC complaint. On February 8, 1990, the ALJ granted the motion in part and denied it in part: he ruled that FTC complaint counsel had not met the burden of showing that pure asset acquisitions by not-for-profit corporations may violate Sec. 7 of the Clayton Act, but also held that whether the effects of the transaction were "tantamount to a merger" under Sec. 7, as alleged, could only be ascertained after discovery and a trial. The ALJ also determined that the issue of whether Ukiah Adventist's activities were "in or affecting interstate commerce" was a fact-based question that could not be resolved prior to discovery.
 
 
 4
 Meanwhile, Ukiah Valley and AHS/West brought this action in the district court on December 19, 1989. They sought an emergency restraining order and expedited hearing of a motion for a preliminary injunction. On December 20, 1989, United States District Judge Thelton E. Henderson denied their motion for a temporary restraining order. On January 16, 1990, Judge Alfonso Zirpoli denied their motion for a preliminary injunction, and ruled that the issuance of the FTC complaint did not constitute "final agency action" under FTC v. Standard Oil Co., 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980), such that it is subject to judicial review in the district court.
 
 II
 
 5
 We have jurisdiction of this appeal under 28 U.S.C. Secs. 1291, 1292(a)(1) and 1294. The denial of the motion for a preliminary injunction will be reversed only if the district court abused its discretion or based its decision upon an erroneous legal standard or clearly erroneous finding of fact. Vision Sports, Inc. v. Melville Corp., 888 F.2d 609, 612 (9th Cir.1989). A dismissal for lack of jurisdiction is reviewed de novo. Assiniboine & Sioux Tribes v. Board of Oil & Gas Conservation, 792 F.2d 782, 787 (9th Cir.1986).
 
 III
 
 6
 Ukiah Valley and AHS/West invoke Section 10(c) of the Administrative Procedure Act ("APA"), 5 U.S.C. Sec. 704, which provides, in pertinent part:
 
 
 7
 Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review. A preliminary, procedural, or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action.
 
 
 8
 There is no provision making the FTC's issuance of an administrative complaint "reviewable by statute." Thus, the critical inquiry in this case is whether the issuance of the complaint constitutes "final agency action for which there is no other adequate remedy in a court." Id.; see FTC v. Standard Oil Co., 449 U.S. 232, 101 S.Ct. 488, 66 L.Ed.2d 416 (1980).
 
 
 9
 The district court correctly determined that the FTC's issuance of an administrative complaint did not constitute "final agency action" and that judicial review was therefore premature under Standard Oil. In Standard Oil, the Supreme Court held that "[b]ecause the Commission's issuance of a complaint averring reason to believe that [the plaintiff] has violated the [FTC] Act is not 'final agency action' under Sec. 10(c) of the APA, it is not judicially reviewable before administrative adjudication concludes." 449 U.S. at 246, 101 S.Ct. at 496; see also USAA Fed. Sav. Bank v. McLaughlin, 849 F.2d 1505, 1508 (D.C.Cir.1988) ("the mere issuance of an administrative complaint does not constitute final agency action.").[1]
 
 
 10
 The general rule is that administrative orders are not final and reviewable "unless and until they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." Chicago & S. Air Lines, Inc. v. Waterman S.S. Corp., 333 U.S. 103, 113, 68 S.Ct. 431, 437, 92 L.Ed. 568 (1948), quoted in Air Cal. v. United States Dep't of Transp., 654 F.2d 616, 621 (9th Cir.1981). When an action is not a "definitive" statement of the FTC's position and does not have a "direct and immediate ... effect on the day-to-day business" of the subject party, it is not "final." Standard Oil, 449 U.S. at 239, 101 S.Ct. at 492; see also Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 193, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985) ("the finality requirement is concerned with whether the initial decision-maker has arrived at a definitive position on the issue that inflicts an actual, concrete injury...."). Other relevant factors include whether the order has the status of law or comparable legal force, and whether immediate compliance with its terms is expected. See Standard Oil, 449 U.S. at 239-40, 101 S.Ct. at 493. The FTC complaint in this case does not satisfy these indicia of finality.
 
 
 11
 The fact that the FTC voted to issue the complaint does not in itself constitute a definitive determination by the agency that it has jurisdiction. The jurisdictional issue is still pending before the ALJ and may be resolved in favor of Ukiah Valley and AHS/West. Indeed, the ALJ ruled on February 8, 1990 that the asset acquisition clause of Sec. 7 of the Clayton Act is not a basis for FTC jurisdiction over this transaction.[2]
 
 
 12
 The issuance of the complaint requires only that Ukiah Valley and AHS/West appear and defend themselves in the administrative adjudicatory proceedings. Such a burden has consistently been held not to constitute a "direct and immediate ... effect on the day-to-day business" of charged parties. See Standard Oil, 449 U.S. at 239, 242-44, 101 S.Ct. at 494-95; USAA Fed. Sav. Bank v. McLaughlin, 849 F.2d 1505, 1510 (D.C.Cir.1988); see also California ex rel. Christensen v. FTC, 549 F.2d 1321, 1323 (9th Cir.), cert. denied, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977) ("litigation expenses, however substantial and nonrecoverable, which are normal incidents of participation in the agency process do not constitute irreparable injury" and therefore are insufficient to "permit judicial intervention in the agency process."). Nor does mere "possible financial loss" have such an effect. See California Dep't of Educ. v. Bennett, 833 F.2d 827, 834 (9th Cir.1987).[3]
 
 
 13
 Ukiah Valley and AHS/West are not yet subject to any order requiring them to act. Should the FTC, at the conclusion of the administrative proceedings, issue a final order, they can at that time obtain judicial review and challenge the issuance of the complaint as well as the agency's jurisdiction. Such a final order is not binding until after judicial review is complete or the time allowed for judicial review has expired. See 15 U.S.C. Sec. 21; Standard Oil, 449 U.S. at 241-43, 101 S.Ct. at 493-95.[4]
 
 
 14
 Ukiah Valley and AHS/West contend that the FTC has in fact reached a definitive position on its jurisdiction, because it has refused three times to accept their arguments that jurisdiction is lacking. In addition to issuing the complaint, they point to FTC Commissioner Calvani's letter ruling, subsequently adopted by the full Commission, which refused to quash the subpoena duces tecum served upon AHS/West despite jurisdictional objections, and to a recent address by FTC Chairman Janet Steiger mentioning the Ukiah transaction and stating "the Commission's general view that mergers by non-profit hospitals also have the potential for impairing competition and consumer welfare, and may properly be subject to antitrust scrutiny under the Commission's statutory authority."
 
 
 15
 We agree with the FTC that neither action is dispositive. The Calvani letter ruling cannot be considered definitive because it explicitly refused to consider the merits of the jurisdictional issues raised in the petition to quash, noting that such issues were raised prematurely as defenses to investigative subpoenas. See EEOC v. Children's Hosp. Medical Center, 719 F.2d 1426, 1427-30 (9th Cir.1983) (en banc); Civil Aeronautics Bd. v. Deutsche Lufthansa Aktiengesellschaft, 591 F.2d 951, 952 (D.C.Cir.1979). Commissioner Steiger's statement likewise does not purport to be the last word of the FTC on this case. Indeed, the ALJ's recent ruling that the FTC lacks jurisdiction under the assets acquisition clause of Sec. 7 indicates that the issue is very much alive.
 
 IV
 
 16
 Ukiah Valley and AHS/West argue that this case is not controlled by Standard Oil, but rather by three District of Columbia Circuit Court of Appeals opinions which, they contend, are authority for the proposition that the filing of an administrative complaint constitutes "final agency action" on the question of whether the agency thinks it has jurisdiction, such that the jurisdictional question is reviewable in federal court sooner rather than later. See Athlone Indus., Inc. v. Consumer Product Safety Comm'n, 707 F.2d 1485, 1489-90 n. 30 (D.C.Cir.1983) ("By filing a complaint in the present case, the Commission, for all practical purposes, made a final determination that such proceedings were within its statutory jurisdiction."); see also Ticor Title Ins. Co. v. FTC, 814 F.2d 731, 744 (D.C.Cir.1987) (opinion of Edwards, J.) ("Athlone ... held that the filing of an administrative complaint constituted a 'final,' judicially-reviewable determination that the agency had the authority to conduct an enforcement proceeding.") (citing Athlone, 707 F.2d at 1489-90 n. 30); Atlantic Richfield Co. v. United States Dep't of Energy, 769 F.2d 771, 783 (D.C.Cir.1985) ("ARCO ") (quoting Athlone, 707 F.2d at 1489-90 n. 30); cf. USAA Fed. Sav. Bank v. McLaughlin, 849 F.2d 1505, 1508 (D.C.Cir.1988) ("the mere issuance of an administrative complaint does not constitute final agency action."). We disagree.
 
 
 17
 In Athlone, upon which the two subsequent opinions rely, the agency brought a civil penalty action in an administrative proceeding before an ALJ; the charged party brought suit in the district court to enjoin the administrative proceedings. The district court dismissed for failure to exhaust administrative remedies. The court of appeals reversed the exhaustion dismissal, but ruled for the agency on other grounds. Finality was discussed only in a footnote, in the context of whether administrative remedies had been exhausted. See 707 F.2d at 1489-90 n. 30; cf. Williamson County Regional Planning Comm'n v. Hamilton Bank, 473 U.S. 172, 192-93, 105 S.Ct. 3108, 3119-20, 87 L.Ed.2d 126 (1985) ("The question whether administrative remedies must be exhausted is conceptually distinct, however, from the question whether an administrative action must be final before it is judicially reviewable."). The court considered the fact that the agency issued the complaint as one of several factors which demonstrated that exhaustion would be futile, along with the agency's defense of the challenged position in previous litigation and the unanimous ruling of the Commission following oral argument that it had the authority to undertake the challenged action. Because these other factors are not present in this case, and because finality rather than exhaustion is at issue here, Athlone is not persuasive.
 
 
 18
 Neither is the opinion of Judge Edwards in Ticor Title persuasive. The three judges on the Ticor Title panel agreed that the plaintiff's district court action to enjoin ongoing FTC proceedings on the ground that the authorizing statute was facially unconstitutional was premature, but were unable to agree upon the reason. In separate opinions, Judge Edwards determined that the plaintiff's action was premature due to failure to exhaust administrative remedies, 814 F.2d at 732-45, Judge Williams found judicial review premature because the agency action was not final, id. at 745-50, and Judge Green decided that the plaintiff's claim was not ripe for review, id. at 750-58. Judge Edwards cited to Athlone and ARCO in rejecting Judge Williams' position that the agency action was not final. Because Judge Edwards concluded that the plaintiff's action was premature due to failure to exhaust administrative remedies, his brief statement regarding finality was not necessary to his holding or to the court's disposition of the case.
 
 
 19
 In ARCO, the Atlantic Richfield Company brought suit in district court challenging the Department of Energy's statutory powers to adjudicate price-control controversies and to impose discovery sanctions. The Department had promulgated a regulation providing for imposition of the contested sanctions in appropriate cases, and had subjected ARCO to adjudicatory proceedings under that regulation. 769 F.2d at 774-75, 780-81 & n. 56. The court of appeals determined that that administrative action was sufficiently final for review under the doctrines of ripeness and administrative exhaustion; it did not address finality as a jurisdictional issue. See 769 F.2d at 781 n. 63; see also Ticor Title, 814 F.2d at 748 & n. 5 (opinion of Williams, J.); cf. Gulf Oil Corp. v. United States Dep't of Energy, 663 F.2d 296, 310 (D.C.Cir.1981) (where finality requirement of 5 U.S.C. Sec. 704 does not apply, court may "as a prudential matter refrain from reviewing nonfinal agency action"), cited in ARCO, 769 F.2d at 781 n. 63. Unlike ARCO, in this case "final agency action" is a jurisdictional requirement imposed by statute, see 5 U.S.C. Sec. 704, and we cannot say that the FTC has, for all practical purposes, made a final determination that these proceedings are within its jurisdiction[5] or that there are compelling reasons for interlocutory review.
 
 
 20
 AFFIRMED.
 
 
 
 [1]
 Finality in administrative law is sometimes treated as an aspect of the doctrine of ripeness, and sometimes as an independent jurisdictional requirement:
 Problems of finality are in the area where the law of exhaustion joins or overlaps with the law of ripeness.... Finality may be a part of exhaustion, a part of ripeness, or a third subject; courts do not clarify the classification, for they need not.
 
 
 [4]
 K. Davis, Administrative Law Treatise Sec. 26:10, at 458 (2d ed. 1983) (citation omitted), quoted in Ticor Title Ins. Co. v. FTC, 814 F.2d 731, 745 (D.C.Cir.1987) (opinion of Williams, J.). Although finality is often treated as a subsidiary concept of ripeness, there is a critical distinction: "while exhaustion and ripeness are judge-made prudential doctrines, finality is, where applicable, a jurisdictional requirement." Ticor Title, 814 F.2d at 746 (opinion of Williams, J.) (citations omitted) (emphasis in original). Therefore, a finding of finality, or of an applicable exception, is essential when the court's reviewing authority depends on one of the many statutes permitting appeal only of "final" agency action, such as Sec. 10 of the APA, 5 U.S.C. Sec. 704. See id.; see also Standard Oil, 449 U.S. at 238, 101 S.Ct. at 492
 
 
 [2]
 The ALJ ruled that whether FTC jurisdiction was proper based on other clauses of Sec. 7 could not be determined without further discovery and a trial
 
 
 [3]
 Apart from the burden of appearing and defending in the administrative proceeding, there is no substantial evidence of a "direct and immediate effect" upon daily business resulting from issuance of the FTC complaint. Ukiah Valley and AHS/West offer only a conclusory statement by the President of Ukiah Valley Medical Center, that
 [t]he pendency of the FTC investigation and the threat of divestiture create a cloud of uncertainty that hurts Ukiah Valley in physician recruitment, hiring nurses and staff, undertaking certain consolidation efforts, capital expenditures, facilities planning and the provision of higher quality medical care.
 Devitt Affidavit, p 35.
 
 
 [4]
 Following discovery, an evidentiary hearing, and the submission of briefs, the ALJ issues an initial decision. 16 C.F.R. Sec. 3.51. Either side may appeal the ALJ's decision to the full Commission, or the Commission may docket the initial decision for review sua sponte. 16 C.F.R. Secs. 3.52, 3.53. The Commission then enters its own decision. 16 C.F.R. Sec. 3.54. If the Commission finds a violation of law, it may enter an order to divest and for other appropriate relief. 15 U.S.C. Sec. 21(b). Under the Clayton Act, this order is subject to review in the court of appeals. 15 U.S.C. Sec. 21(c). "Upon the filing of the record with it the jurisdiction of the court of appeals to affirm, enforce, modify, or set aside orders of the commission, board, or Secretary shall be exclusive." 15 U.S.C. Sec. 21(d). Any order the Commission issues does not take effect until judicial review is complete, or the time allowed for judicial review has expired. 21 U.S.C. Sec. 21(g)
 
 
 [5]
 Because the issuance of the administrative complaint does not constitute "final agency action" subject to immediate judicial review, we need not decide whether Ukiah Valley and AHS/West have exhausted their administrative remedies. Decisions of this Circuit, rather than the Athlone line of cases, are controlling on the exhaustion issue. Lone Star Cement Corp. v. FTC, 339 F.2d 505, 509-12 (9th Cir.1964), involved a challenge to the FTC's jurisdiction over a portion of the conduct charged in its administrative complaint as violating Sec. 7 of the Clayton Act. We determined that the plaintiff's effort to obtain judicial relief against anticipated agency action was premature; the plaintiff must wait for the initial hearing examiner to decide the issue, and then must follow the normal procedure for appeals of FTC decisions. "Except in very unusual and limited circumstances," a plaintiff must proceed through the established administrative process, "notwithstanding the fact that the Commission has apparently three times taken a position contrary to that taken by [the plaintiff]." 339 F.2d at 510 & n. 9. See also California ex rel. Christensen v. FTC, 549 F.2d 1321 (9th Cir.), cert. denied, 434 U.S. 876, 98 S.Ct. 227, 54 L.Ed.2d 156 (1977) (suit in federal district court seeking to enjoin FTC administrative proceedings because FTC had no jurisdiction over plaintiffs and over challenged transaction premature under Lone Star because plaintiffs failed to exhaust administrative remedies)